WILLIAM C. YOUNG ET AL. v. HOPKINS DAVIDSON ET AL.

When the liability of the drawer and indorser had not been fixed by protest or timely suit against the acceptors, they were not liable; and, having been sued with the acceptors, there should have been a discontinuance against them, and it was error to take judgment against the acceptors without making any disposition of the cause as to these parties not liable.

It would seem that it is error to sue acceptors, who are liable as a firm, in different suits, and to take separate judgments against them; and it is certainly error to take a separate judgment against one acceptor and a joint judgment against all.

Where two suits had been consolidated, the judgment should have been an entirety.

ERROR from Lamar. The case was tried before Hon. WILLIAM S. TODD, one of the district judges.

The record is exceedingly voluminous and its history difficult. The material facts are, that the holder of a bill sued all the acceptors and the drawer and indorser in the same action, and on the same day she sued the administratrix of one of the acceptors in another action. These two suits were consolidated; yet in the trial they seem to have been conducted separately; at any rate, two judgments were rendered. The defendants' plea proved that the firm which accepted were stockholders, having different interests, in a steamboat; but there was no cross-bill to adjust the equities among them. The consideration of the draft was, in fact, the interest of Thompson in the steamboat sold to the other partners, or some of them. The whole case turned upon a matter of practice. There was no statement of facts, except what is found in the bill of exceptions.

*Donley & Anderson,* for the appellants.

[The argument of Donley & Anderson took so wide a range that it is not practicable to condense their brief to the point on which the case turned.]

*Johnson & Allen,* for appellees, insisted: I. That, as there was no statement of facts, every presumption would be indulged in favor of appellees. (Fulgham v. Bendy, 23 Tex., 64.)

II. That a bill of exceptions is not such a statement of facts as can determine the correctness of the charge. (Carolan v. Jefferson, 24 Tex., 229.)

LINDSAY, J.—This is a suit brought by the holder of a draft, in the nature of a bill of exchange, against the acceptors, the drawer, and indorser of the bill, in which judgment was rendered against the acceptors, who com-

posed a company or firm. And although process was served on the drawer and indorser, as well as the acceptors, no notice seems to have been taken of the drawer and indorser in the judgment of the court or in the final disposition of the cause.

The bill was drawn by Jonathan Thompson, on the 2d day of January, 1854, on Samuel M. Fulton, at New Orleans, and made payable, six months after date, to the order of the drawer, at the counting-house of A. M. & C. C. Alexander, in Bonham, Texas; it was accepted by Samuel M. Fulton & Co., and indorsed and delivered by Jonathan Thompson to John D. Black for value received. Upon this indorsement suit was instituted by the holder against the executrix of Samuel M. Fulton, who was then dead, and who had been one of the acceptors, on the 17th day of June, 1858, and on the same day, and on the same instrument, suit was instituted against the surviving acceptors composing the firm, as well as against the maker and indorser, Jonathan Thompson, who occupied the double relation of drawer and indorser of the bill. Although the two cases had been consolidated by an order of the court, yet another judgment upon the same cause of action was rendered in favor of the plaintiff against C. C. Alexander, one of the acceptors, again totally ignoring the maker and indorser, who had been served with process, and dismissing the case as to the two remaining acceptors.

It appears from the record that the bill matured on the 2d day of July 1854, and suit was not brought against the acceptors until the 19th day of June 1858; nor is any reason shown by the pleadings why suit was not brought to the first term of the court after the maturity of the bill. As to this matter the record is silent. This want of diligence on the part of the holder of the bill released the maker and indorser from all liability, and some final disposition ought to have been made of this question in the judgment of the court. This, however, was not done. The

holder of the bill had, nevertheless, a good cause of action against all the acceptors, whoever they might be, composing the firm of Samuel M. Fulton & Co. And the defendants themselves, except the maker and indorser, Jonathan Thompson, furnish, in their respective answers, the evidence of the parties who composed the firm accepting the bill. Against all these the holder was entitled to his judgment; and satisfaction by one would be a discharge of the whole from the claim of the holder. The private arrangements and understanding among the members of that firm could not affect the rights and securities of the holder of the bill, which had been made negotiable by their acceptance, and for which he had paid a valuable consideration in the due course of trade. Upon payment and satisfaction to the holder, by any one of the joint acceptors, they themselves might then litigate their relative rights and liabilities with each other. But we recognize no principle of law which will authorize them, in a contest among themselves, to lessen the securities of the holder of the bill, and to restrict his recovery to any one of the joint acceptors. Nor can we admit the existence, or acknowledge the justice, of any legal principle which would warrant the obtention [obtaining?] of two cotemporaneous judgments by the same plaintiff, against either all or part of the same defendants, for the same cause of action. Yet such is the judicial anomaly in this case. This cannot be tolerated in any system of jurisprudence without eventually confounding all rights and obliterating all the landmarks established as guides to administrative justice.

The instrument sued on, in each case, was the same draft, drawn by the same party, accepted by the same parties, of the same date, and for the same sum; the company or firm which accepted the bill was composed of Samuel M. Fulton, Hopkins Davidson, Nelson Doak, and Clinton C. Alexander. Judgment was rendered against all these defendants for the whole cause of action: but, because of

allegations and averments in the answers of these defendants, without any cross-action between them, it was attempted to fix the liability of the whole indebtedness upon one of the defendants as an individual liability; and a second judgment was rendered for the plaintiff against him, and dismissed as to his co-acceptors or copartners.

Thus, without any cross-bill or cross-action between the partners who were the acceptors of the bill, proof of a conversation or statement, made by one of the partners as to the relative rights and liabilities of the firm members in reference to the nature, the object, and purpose for which the bill was drawn, was permitted by the court to be introduced before the jury; and upon this *ex parte* representation of one of the partners (for it was just as if that partner had been introduced to testify) the sole liability of one partner was established, without an opportunity to controvert or disprove the facts stated. The testimony was incompetent in itself, and ought to have been excluded, if there had been an issue to which it was to apply. But there was in fact no issue in the cause to warrant its introduction. The only verdict and judgment which the issues warranted, in the consolidated cases, was as to the liability or non-liability of the acceptors and of the maker and indorser to the holder of the bill. For the errors committed by the court below the cause must be reversed; which is accordingly done.

REVERSED AND REMANDED.